Daniel Williams (ISB 3920)
Erika P. Judd (ISB 8241)
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, Idaho 83701
Telephone: 208-331-1170
Facsimile: 208-331-1529
ejudd@idalaw.com
dwilliams@idalaw.com

*Attorneys for City of Boise and Wayne Anderson*

INT THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Christopher Wilske, individually,<br><br>　　　　　　Plaintiff,<br>v.<br><br>City of Boise, a municipal entity; Ada County, a municipal entity; Officer Wayne Anderson, individually,<br><br>　　　　　　Defendants. | Case No.: 1:26-CV-153-BLW<br><br>**ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants City of Boise ("City"), and Officer Wayne Anderson, (collectively "Defendants") by and through their counsel of record, JONES WILLIAMS FUHRMAN GOURLEY, P.A., in answer to Plaintiff's Complaint for Damages Demand for Jury Trial ("Complaint"), admit, deny, and allege as follows:

**FIRST DEFENSE**

Plaintiff's claims, or some of them, fail to state proper claims upon which relief may be granted.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 1

**SECOND DEFENSE**

Based upon a lack of information, beliefs that certain allegations contained in Plaintiff's Complaint are untrue, and/or certain allegations containing legal conclusion that do not warrant responses, Defendants deny each and every allegation in Plaintiffs' Complaint unless specifically admitted herein.

## I. INTRODUCTION

The allegations in Plaintiff's Introduction to the Complaint are conclusions of law and of the pleader, and as such, require no response. To the extent a response is required, the allegations are denied.

## II. JURISDICTION AND VENUE

1. In answer to paragraphs 2.1 and 2.2, Defendants admit only that venue and jurisdiction are proper based solely upon the allegations of Plaintiff. To the extent a further response is required, Defendants admit only that the statutes cited are jurisdiction conferring statutes, but deny any inference that Plaintiff's constitutional, state or common law rights were violated.

## III. PARTIES

2. In answer to paragraph 3.1, Defendants do not have sufficient information or belief at this time to enable them to admit or deny Plaintiff's allegation as to Plaintiff's residence or the extent of his injuries, and on that basis, Defendants deny each and every allegation regarding the same. It is expressly denied that Defendants acted wrongfully.

3. In answer to paragraphs 3.2 and 3.4, Defendant City admits that it is a municipal entity with capacity to sue and to be sued. Defendant City further admits that police officer Defendant Wayne Anderson is an employee of Defendant City acting within

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 2

the course and scope of his employment with the City under the color of law at the time of the incident alleged in this lawsuit. It is expressly denied that Defendants acted wrongfully.

4. In answer to paragraph 3.3, Defendants admit that Ada County is a political subdivision with capacity to sue and to be sued.

## IV. FACTS

5. In answer to heading A, Section IV. Facts, upon information and belief, Defendants admit that Plaintiff and others were ambushed by white supremacists.

6. In answer to paragraphs 4.1, 4.2, 4.3, 4.4, 4.5, 4.6 and 4.7, upon information and belief, Plaintiff was one of three individuals assigned to transport inmate Skylar Meade to St. Alphonsus where Meade was treated and then escaped with Nicholas Umphenour after a shooting that resulted in two of the transport officers being injured prior to Boise Police arriving on site. Also upon information and belief, Plaintiff and a colleague, Thomas Edwards stationed themselves near the entrance to St. Alphonsus when Boise Police arrived on scene. Defendants lack sufficient information to form a belief as the truth of the balance of the allegations contained in paragraphs 4.1, 4.2, 4.3, 4.4, 4.5, 4.6 and 4.7 and therefore deny the same.

7. In answer to heading B, Section IV. Facts, Defendants deny that they acted wrongfully in any manner or that Plaintiff was damaged on account of any wrongful conduct by Defendants.

8. In answer to paragraphs 4.8, Defendants do not have sufficient information to admit or deny the truth of Plaintiff's assertions therein and therefore deny the same. Defendants expressly deny that they ignored information from Ada County dispatch.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 3

9.    In answer to headings B.1, B.2, and B.3 as stated in Section IV. Facts, Defendants deny that Plaintiff has fully or accurately captured the information conveyed by Ada County Dispatch to responding officers.

10.    In answer to paragraphs 4.9 through 4.19, inclusive, Defendants admit only that Ada County dispatch relayed that an officer of unknown jurisdiction had been shot but deny that Plaintiff has fully or accurately captured the information conveyed by Ada County Dispatch to responding officers. Defendants deny the remaining allegations contained in paragraphs 4.9 through 4.19, inclusive.

11.    In answer to heading B.4, as stated in Section IV. Facts, Defendants deny that they acted wrongfully in any manner or that Plaintiff was damaged on account of any wrongful conduct by Defendants.

12.    In answer to paragraph 4.20, Defendants admit only that officers, Kevin Witmuss, Ryan Pollard, Jacob Lee, and Wayne Anderson responded to the ER ambulance bay and deny as to Plaintiff's characterization of the remainder.

13.    In answer to paragraph 4.21, Defendants admit only that, upon arrival on the scene, no one was seen fleeing from the hospital and there were no sounds of gunshots or yelling.

14.    In answer to paragraph 4.22, Defendants admit only that, upon arrival on the scene, officers observed two prisoner transport vans, as well as a duty belt on the ground.

15.    Paragraphs 4.23, and 4.24 are denied.

16.    In answer to paragraphs 4.25, 4.26, 4.27, 4.28, 4.29, 4.30, 4.31, and 4.32, Defendants deny Plaintiff's characterization of the events and respond that the best evidence of their respective positions, comments, or questions is best shown by contemporaneous

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 4

video evidence from on body cameras and the St. Alphonsus video recordings.   Defendants further deny that they did not announce their presence because responding officers arrived on the scene with lights and sirens.

17.    Paragraphs 4.33, 4.34, 4.35 and 4.36 are denied.

18.    In answer to paragraph 4.37, upon information and belief, Officer Wilske did call his supervisor, not Dispatch, to report the incident.  In further answer to paragraph 4.37, Wilske had his phone in his left hand and a firearm that he removed from another officer in his right hand.  Defendants deny the remaining allegations of paragraph 4.37.

19.    Paragraph 4.38 is denied.

20.    Paragraph 4.39 is denied.

21.    Paragraph 4.40 is denied.

22.    In answer to paragraph 4.41, Defendants admit that Officer Anderson, believing that Wilske was the gunman who had shot at officers because he matched the description of the gunman provided by Dispatch, and seeing that Wilske had a gun, fired two shots at Wilske.  Upon information and belief, the bullets did not hit Wilske but instead Wilske was injured by glass and/or shrapnel.

23.    Upon information and belief, paragraph 4.42 is admitted.

24.    Paragraph 4.43 is denied.

25.    In answer to paragraph 4.44, Defendants respond only that Dispatch last advised that the gunman was last seen in the ER ambulance bay.

26.    Paragraph 4.45 is denied.

27.    Paragraphs 4.46, 4.47, 4.48 and 4.49 are denied.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 5

28.     In answer to heading C, Section IV. Facts, Defendants admit only that Defendants denied Plaintiff's notice of tort claim.

29.     Paragraph 4.50 states a legal conclusion to which no response is necessary. To the extent so construed, paragraph 4.50 is denied.

30.     Paragraph 4.51 is admitted only to the extent that Wilske provided timely notice of a tort claim in accordance with Idaho law.

31.     In answer to paragraph 4.52, it is admitted only that the City denied the tort claim.

32.     In answer to heading D, Section IV. Facts, the City admits only that the results of the formal administrative review conducted by the City speak for themselves.

33.     Paragraph 4.53 is denied.

34.     In answer to paragraph 4.54, it is admitted only that the Boise Police Department commenced a formal administrative review, the findings of which are mischaracterized by Plaintiff.

35.     In answer to paragraph 4.55, Defendants admit only that Officer Anderson's actions were determined to be within policy and denied as to the remainder.

36.     Paragraph 4.56 states a legal conclusion to which no response is necessary. To the extent so construed, paragraph 4.56 is denied.

37.     Paragraph 4.57 is denied.

38.     In answer to heading E, Section IV. Facts, the City admits only that the City's Office of Police Accountability conducted its own review of the incident and that the findings of OPA speak for themselves.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 6

39.     In answer to paragraphs 4.58 and 4.59, Defendants admit only that the City's Office of Police Accountability (OPA) issued a report regarding the City's handling of the incident.  It is expressly denied that Plaintiff's characterization of that report is accurate or complete but admitted that it places fault upon Wilske for his conduct at the time of the incident and it faults IDOC for their role in failing to provide notice of a prisoner transport. It is further admitted that the OPA report faults Ada County Dispatch for the incomplete information conveyed to responding officers.

40.     In answer to paragraph 4.60, Defendants admit only that the City faults Ada County Dispatch with providing incomplete information.

41.     Paragraph 4.61 is not directed to these answering Defendants.  To the extent so construed, the City lacks sufficient information to form an opinion as to the truth of paragraph 4.61 and therefore denies the same.

## V.  JURY DEMAND

42.     In answer to paragraph 5.1, the City admits only that Plaintiff has requested a jury trial.

## VI. CLAIMS

A.     **First Cause of Action: 42 U.S.C. § 1983 – Unreasonable Seizure and Excessive Force Against Wayne Anderson**

43.     Paragraph 6.1 is denied.

44.     Paragraph 6.2 is admitted.

45.     Paragraphs 6.3, 6.4, 6.5, 6.6, 6.7, and 6.8 are denied.

B.     **Second Cause of Action: 42 U.S.C. § 1983 – Municipal Liability Against the City of Boise.**

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 7

46.     In answer to paragraph 6.9, Defendant City admits only that it, as well as its agents and employees, including Officer Anderson, are subject to certain duties as prescribed by law.  At all times pertinent to this action, the actions of Defendants were reasonable, proper, and legal in all respects, and not committed for any improper or unlawful purpose.  Defendants specifically deny the remaining allegations contained in paragraph 6.9.

47.     In answer to paragraph 6.10, Defendant City admits only that it, as well as its agents and employees, including Officer Anderson, are subject to certain duties as prescribed by law.

48.     In answer to paragraph 6.11, Defendant City admits only that the City conducted a formal administrative review, the findings of which speak for themselves and denied as to the remainder.

49.     Paragraphs 6.12, 6.13, 6.14, 6.15, 6.16, 6.17, 6.18, and 6.19 are denied.

**C.     Third Cause of Action: Negligence Against the City of Boise.**

50.     In answer to paragraph 6.20, Defendant City admits only that it, as well as its agents and employees, including Officer Anderson, are subject to certain duties as prescribed by law.  At all times pertinent to this action, the actions of Defendants were reasonable, proper, and legal in all respects, and not committed for any improper or unlawful purpose.  Defendants specifically deny the remaining allegations contained in paragraph 6.20.

51.     Paragraphs 6.21, 6.22, 6.23, 6.25, and 6.26 are denied.

52.     Paragraph 6.24 states a legal conclusion for which no response is necessary. To the extent so construed, the City admits only that Idaho Code § 6-903 speaks for itself.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 8

### D. Fourth Cause of Action: Negligent Infliction of Emotion Distress Against the City of Boise.

53. In answer to paragraph 6.27, Defendant City admits only that it, as well as its agents and employees, including Officer Anderson, are subject to certain duties as prescribed by law.  At all times pertinent to this action, the actions of Defendants were reasonable, proper, and legal in all respects, and not committed for any improper or unlawful purpose.  Defendants specifically deny the remaining allegations contained in paragraph 6.27.

54. Paragraphs 6.28, 6.29, 6.30, and 6.31 are denied.

### E. Fifth Cause of Action: Negligence Against Ada County

55. Paragraphs 6.32, 6.33, and 6.34 are not directed to these answering Defendants. To the extent so construed, these paragraphs are denied.

### RELIEF REQUESTED

56. To the extent Plaintiff's Prayer for Relief is construed to require a response, Defendants deny Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants.

### AFFIRMATIVE DEFENSES

Defendants, in asserting the following defenses, do not admit that the burden of proving the allegations or denials contained in the defenses is upon the Defendants, but to the contrary, assert that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiffs. Moreover, Defendants do not admit, in asserting any defense, any responsibility or liability of

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 9

Defendants, but, to the contrary, specifically deny all allegations of responsibility, fault, and liability to the Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

As to any current or future count where it is applicable, Plaintiff's claims are barred by the Qualified Immunity Doctrine as Defendants are entitled to the protection of qualified immunity for all claims alleged against them.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiff was injured or damaged as alleged, such injuries were the result of Plaintiff's own intentional, negligent, illegal, or otherwise wrongful conduct.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff may not be the real party in interest with regard to some or all of his claims and/or Plaintiff has failed to name necessary and indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

All Defendants mentioned in the Complaint acted in good faith, without malice, and within the scope of their duties as law enforcement officers of the City of Boise.  At all times pertinent to this action, the actions of the City and its employees, including Defendant Anderson, were reasonable, proper, and legal in all respect, and not committed for any improper or unlawful purpose.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff seeks damages which are not proximately caused by the acts or omissions of the Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the fact that the damages, if

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 10

any, were proximately caused in whole or in part by superseding and/or intervening acts and/or omissions of the Plaintiff, and/or persons, entities, or causes other than the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Any injury or damages suffered by Plaintiff were caused solely by reason of his own negligent or wrongful acts and conduct, and not by reason of any unlawful act or omission of these Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Complaint.  Defendants are not liable for injury or damages, if any there were, because Plaintiff was aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose himself to said risks, which assumption of the risks caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff in any capacity from recovering any relief from Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the City and its agents, at all times relevant, exercised reasonable care and acted in a reasonable and prudent fashion, satisfying any duty that may have been owed to Plaintiff under applicable law. Further, Defendants did not commit any acts of negligence of any degree nor did they act with gross negligence, or commit reckless, willful, and wanton acts.

## TENTH AFFIRMATIVE DEFENSE

Neither a public entity nor a public employee is liable for his or her act or omissions,

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 11

exercising due care, in the execution or enforcement of any law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' actions herein were all pursuant to legitimate penal interests.

## TWELFTH AFFIRMATIVE DEFENSE

The use of force on Plaintiff, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

## THIRTEENTH AFFIRMATIVE DEFENSE

The force used on Plaintiff, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others.

## FOURTEENTH AFFIRMATIVE DEFENSE

A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious, or in bad faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Plaintiff at all times pertinent to this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The City's policies, codes, and the carrying out of the same are reasonable and necessary to achieve its goals of providing public services; the City performed all tasks and actions in relation to its policies and codes in a non-negligent and non-reckless manner.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 12

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to all immunities and limitations of liability and damages provided by applicable law, including Idaho Code Sections 6-904(1), (3), and the discretionary function exception.  Defendants are further entitled to the immunities and defenses provided by law, including Idaho Code Sections 6-904(A) and 6-904(B).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Officer Anderson was, at all pertinent times, duly qualified, appointed, and acting as law enforcement officers of the State of Idaho and, at all relevant times, he was engaged in the performance of his regularly assigned duties as a peace officer.

## NINETEENTH AFFIRMATIVE DEFENSE

This action is barred by statutory and/or common law immunity principles.

## TWENTIETH AFFIRMATIVE DEFENSE

This action may be barred by Plaintiff's failure to exhaust administrative remedies.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The City and the actions of its employees and/or agents were at all times supported by reasonable and legitimate law enforcement purposes.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The City did, at all times relevant, act in a reasonable and prudent fashion in hiring and/or supervising all relevant employees and/or agents.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by social and public policy considerations.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 13

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants are entitled to rely on reports by citizens, dispatch, and other law enforcement officers.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

These Answering Defendants were not deliberately indifferent to Plaintiff's constitutional rights, to the extent Plaintiff's Complaint can be read to make such claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants deny all allegations of wrongdoing, including but not limited to violations of statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiff or any duties owed to Plaintiff.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants are not liable for any alleged injuries suffered by Plaintiff allegedly stemming from Defendants' acts or omissions as the acts or omissions were reasonable given the sudden and unexpected emergency situation in which Defendants and/or third parties were in actual or apparent danger of immediate injury, which the emergency situation was not caused by these answering Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The City has not taken any action with a conscious disregard of Plaintiff's rights, and has not engaged in any conduct with respect to Plaintiff which would constitute

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 14

deliberate or intentional conduct, nor has the City ratified or approved any such act or acts of others.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants' training was not the ultimate cause of Plaintiff's alleged injuries.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants are not liable for punitive damages pursuant to Idaho law, Idaho Code section 6-918.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims or causes of action are limited pursuant to the provisions of the Idaho Tort Claims Act. In asserting this defense, the Defendants are in no way conceding or admitting liability.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred since they arise out of and/or stem from activities for which the Defendants are immune from liability by virtue of the provisions of the Idaho State Tort Claims Act.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from liability because the acts or omissions complained of, if any, were undertaken by the individuals in question in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 15

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable in their individual capacities.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert the absence of baith faith and absence of gross negligence.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants assert a set-off against any judgment rendered against it or its employees for all funds and services provided to or on behalf of the Plaintiff through Medicare, Medicaid, public assistance, or other sources.

## RESERVATION OF RIGHTS

Discovery has not yet commenced in this matter, the result of which may reveal additional defenses to Defendants. By failing to raise an affirmative defense, Defendants do not waive any such defense and explicitly reserve the right to amend, modify, and/or supplement their affirmative defenses as the case progresses.

## DEMAND FOR JURY TRIAL

Defendants request that this matter be tried by a jury on all claims so triable.

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 16

**ATTORNEY FEES**

Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorneys' fees, pursuant to the provisions contained in Idaho Code §§ 12-117, 12-121, 6-918A, and Rule 54 of the Idaho Rules of Civil Procedure, as well as Fed.R.Civ.P 54, 42 U.S.C. § 1988, and any other applicable rules or statutes.

**REQUEST FOR RELIEF**

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1.    That the Complaint be dismissed with prejudice and that the Plaintiffs take nothing under it.

2.    That the Defendants be awarded costs, including reasonable attorneys' fees pursuant to the applicable laws and Rules of Civil Procedure.

3.    That judgment be entered in favor of Defendants on all claims for relief.

4.    For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 21st day of April, 2026.


JONES WILLIAMS FUHRMAN GOURLEY, P.A

 /s/ Erika P. Judd
Erika P. Judd, Of the Firm
Attorneys for Defendants
City of Boise and Officer Wayne Anderson


ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO
PLAINTIFF'S AMENDED COMPLAINT - 17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2026, a true and correct copy of the above and foregoing document was forwarded addressed as follows in the manner stated below:

|  |  |  |
|---|---|---|
| Colin Gorman Price | Hand Delivered | ☐ |
| John B. McEntire | U.S. Mail | ☐ |
| Connelly Law Offices, PLLC | Fax | ☐ |
| 2301 North 30th Street | Email/E-Service | ☒ |
| Tacoma, WA 98403 | cprince@connelly-law.com | |
| *Attorneys for Plaintiff* | jmcentired@connelly-law.com | |

|  |  |  |
|---|---|---|
| Evan Bariault | Hand Delivered | ☐ |
| Mark Conrad | U.S. Mail | ☐ |
| Frey Buck | Fax | ☐ |
| 1200 5th Avenue Ste. 1900 | Email/E-Service | ☒ |
| Seattle, WA 98101 | ebariault@freybuck.com | |
| *Attorneys for Plaintiff* | mconrad@freybuck.com | |

*/s/ Erika P. Judd*
Erika P. Judd

ANSWER OF THE CITY OF BOISE AND OFFICER WAYNE ANDERSON TO PLAINTIFF'S AMENDED COMPLAINT - 18